STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-16

MAINE STATE HOUSING AUTHORITY, )
)
Plaintiff, )
)
v. )
)
DARLENE J. VIGUE, f/k/a DARLENE J. )
BIXBY and RONALD S. GROVER, SR., )
)
Defendants, )
)
and )
)
CACV OF COLORADO, LLC, NCO )
PORTFOLIO MANAGEMENT, INC., and )
PHILIP S. COHEN, ESQ., )
)
Parties-In-Interest. )

**ORDER AND JUDGMENT OF
FORECLOSURE AND SALE**

**Title to Real Estate Involved**

Title to 24 Philbrook Lane, Waldoboro, Maine is involved
Mortgage recorded in the Lincoln County Registry of Deeds at Book 2280, Page 3

Following hearing on this matter on February 2, 2016, after notice to all parties, after

review of the pleadings, Affidavit, and other information of record, the Court finds pursuant to

M.R. Civ. P. 55(a) and certifies pursuant to 14 M.R.S.A. § 2401(3):

1.      That the record indicates the following Parties and Counsel of Record:

PARTY

COUNSEL

Plaintiff:      Maine State Housing Authority          Julianne C. Ray, Esq.
               353 Water Street                        Perkins Thompson, P.A.
               Augusta, ME  04330                      P.O. Box 426
                                                       Portland, ME 04112-0426

| | | |
|---|---|---|
| Defendants: | Darlene J. Vigue<br>24 Philbrook Lane<br>Waldoboro, ME 04572 | *Pro se* |
| | Ronald S. Grover, Sr.<br>2902 Atlantic Highway<br>Warren, ME 04864 | None of record |
| Parties-In-Interest: | CACV of Colorado, LLC<br>c/o The Corporation Company<br>1675 Broadway, Suite 1200<br>Denver, CO 80202 | None of record |
| | NCO Portfolio Management, Inc.<br>c/o NCO Funding, INc.<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | None of record |
| | Philip S. Cohen, Esq.<br>Law Offices of Cohen and Cohen<br>P.O. Box 1<br>Waldoboro, ME 04572 | None of record |

2.    That all parties have received notice of the proceedings in this action and that the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure;

3.    That venue is properly laid in this Court;

4.    That Defendant Darlene J. Vigue, f/k/a Darlene J. Bixby participated in mediation but the case was not resolved and was returned to the regular docket;

5.    That Defendant Ronald S. Grover, Sr., did not appear or request mediation;

6.    That Plaintiff is entitled to judgment;

7.    That Defendants are in default under the terms of a certain Note and Mortgage held by the Plaintiff dated October 8, 1997 (the "Note"), and received proper notice of said default;

8.      That Plaintiff holds a mortgage on real estate located at 24 Philbrook Lane, in the Town of Waldoboro, County of Lincoln, and State of Maine, to secure the Note, and which Mortgage is recorded in the Lincoln County Registry of Deeds in Book 2280, Page 3; the legal description of the mortgaged property contained in said Mortgage is incorporated herein by reference; the Mortgage was assigned to Plaintiff by instrument recorded in said Registry of Deeds in Book 2281, Page 78;

9.      That as of January 14, 2016, unless otherwise noted, Plaintiff is owed the following under its Note and Mortgage:

| | | |
|---|---|---|
| a. | principal balance: | $33,487.69 |
| b. | deficit in escrow account: | $ 8,072.58 |
| c. | accrued interest: | $13,720.59 |
| d. | attorneys' fees and costs through October 29, 2015: | $ 3,952.60 |
| | SUBTOTAL: | $59,233.46 |

e.      additional reasonable attorneys' and paralegal fees and expenses incurred by Plaintiff preparing for and attending the hearing; drafting a letter regarding the period of redemption; obtaining and recording Clerk's Certification regarding appeal; drafting redemption documents or obtaining a Writ of Possession and preparing for and conducting the foreclosure sale; filing and supporting a Report to Court; in obtaining relief from automatic stay in any subsequent proceeding in U.S. Bankruptcy Court; and in pursuing collection of any deficiency judgment to the extent it is not discharged in bankruptcy;

f.      additional interest accruing on said principal balance from and including January 15, 2016, at the rate of $6.10896 per day; and

g.      any amounts advanced by Plaintiff to protect its mortgage security.

10.     That the order of priority and the amount of the claim of each party appearing and proving its claim against the proceeds of sale, after payment of expenses of sale, is as follows:

a.      Plaintiff, Maine State Housing Authority: $59,233.46, plus accrued interest at the Note rate of $6.10896 per day (which is 7.675% per annum) from and including January 15, 2016, to the date of entry of judgment, plus interest after judgment at the Note rate (the

{P1078894.1}                                  3

appropriate rate pursuant to 14 M.R.S.A. §1602-C because the Note rate is greater than the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2015 plus 6%);

b.      Party-In-Interest CACV of Colorado, LLC: the amount, if any, established by affidavit;

c.      Party-In-Interest NCO Portfolio Management, Inc.: the amount, if any, established by affidavit;

d.      Party-In-Interest Philip S. Cohen, Esq.: the amount, if any, established by affidavit; and

e.      Defendants: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

11.      That Plaintiff's claim for attorneys' fees is integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

12.      That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for attorney fees incurred by Plaintiff after October 29, 2015, for the following reasons:

(a)      If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

(b)      The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

(c)      Any dispute regarding attorney fees incurred by Plaintiff after October 29, 2015, may be resolved by either Defendant filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

WHEREFORE, it is hereby Ordered and Decreed:

(a)     That if Defendants, their heirs and assigns do not pay the Plaintiff the amounts adjudged to be due to Plaintiff in paragraph 9 above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall, unless it elects to allow Defendants to cure and reinstate, proceed with a sale of the real estate described in the mortgage deed recorded in the Lincoln County Registry of Deeds in Book 2280, Page 3, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the priority order and amounts set forth in paragraph 10 above;

(b)     That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54(b)(1), except as to attorney fees incurred after October 29, 2015;

(c)     That if Defendants fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order (or cure and reinstate within such additional time as Plaintiff may in its sole discretion allow), or if Defendants abandon the mortgaged property, Plaintiff shall then be entitled, at its option, without further hearing to take exclusive possession of the real estate described in Plaintiff's Mortgage, and a writ of possession shall then issue forthwith upon Plaintiff's request;

(d)     That an execution shall issue against Defendants for any deficiency, provided the statutory requirements are met;

(e)     That Plaintiff shall specify attorney fees incurred after October 29, 2015, in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' fees, notwithstanding the requirements of M.R. Civ. P. 54(b)(3) to file such application within 60 days after judgment; Defendants may contest the Report and application

for additional fees by filing a motion pursuant to 14 M.R.S.A. § 6324;

(f)  That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Registry of Deeds for Cumberland County and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

(g)  That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale entered for the Plaintiff as a final judgment except for attorneys' fees incurred after October 29, 2015. Said Order is incorporated in the docket by reference. This entry is made in accordance with M.R. Civ. P. 79(a) at the specific direction of the Court."

Dated at ___Wiscasset___, Maine, this __2nd__ day of __Feb,__ 2016.

_____
Justice, Superior Court   Daniel I Billings

Date Order Entered on the Court's Docket: ___2/2/2016___

I hereby certify that the applicable appeal period expired without action on

_____.

_____
CLERK, LINCOLN COUNTY SUPERIOR COURT

{P1078894.1}                                              6